# WEIR v. CORDZ-FISHER LUMBER COMPANY, Appellant.

### Division One, February 15, 1905.

1. **POSSESSION: Wild Lands.** Where the lands are wild and vacant the possession is presumed to follow the record title.

2. **TAX TITLE: Record Owner: Records Destroyed by Fire.** Where the patentee of lands conveys them to another and the grantee's deed is recorded, a subsequent suit for taxes brought against said patentee after the records have been destroyed by fire and a judgment and sale thereunder, do not affect the title of such grantee. The purchaser at such tax sale does not acquire the title, for the reason that the patentee was not the apparent owner of the record title.

3. ——: ——:. ——: **Rule.** The doctrine that a purchaser at a tax sale under a judgment in a suit against the apparent owner of the record title acquires a good title as against the holder of an unrecorded deed from such apparent owner, does not apply as against one who owned the title and recorded his deed, the record thereafter being destroyed by fire. In this case suit for taxes was brought against the title-owner's grantor, who was the patentee under a patent which was not itself recorded in the county, and the holding is that the sale under judgment in the tax suit did not affect the title of the owner who had recorded his deed, but who, after the fire, failed to re-record it.

4. ——: ——: ——: **Legislative Action.** The difficulty of ascertaining who is the record owner of the title where the records have been destroyed, is a matter for legislative correction, and not for the courts.

5. ——: ——: ——: **Laches: Estoppel.** Where the title owner properly recorded his deed six months before the records were destroyed by fire and seventeen years before the judgment for taxes was rendered against his grantor (the patentee), and at that time the title owner did not know that the records had been destroyed, he is not estopped by laches from setting up title, although thereafter the purchaser at such tax sale for many years paid taxes on the land, for by the title-owner's silence the purchaser was not misled to his injury.

6. LIMITATIONS: Thirty-Year Statute. The title emanated from the United States in 1859, and soon afterwards the land was sold to plaintiff and his deed was recorded in 1869, and defendant had been in possession one year prior to the bringing of the suit in 1902. *Held*, that, as the land was wild and vacant and no one was in the actual possession of it, the possession followed the title, and was therefore in plaintiff from 1859 to 1901, and hence the thirty-year Statute of Limitations does not apply.

7. ——: ——: One Year's Possession. The one year spoken of in the thirty-year Statute of Limitations was simply a saving clause in favor of persons who might be affected by the statute, and was intended to give to them that time, after the statute went into effect, in which to bring suit. It did not contemplate that possession for one year only before suit was brought would confer any right upon defendant or impair any right of plaintiff.

8. ——: ——: Cutting Timber. Cutting timber off of land for a whole year is not actual possession.

9. TAX SALE: No Possession. A purchase of wild and vacant land at a tax sale under a void judgment, followed by no actual possession, does not confer on the purchaser any presumptive possession, even though the purchaser thereafter paid the taxes.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Orr & Luster* for appellant.

(1) The tax deed based on the judgment for taxes against David Vinton, who was the record owner when said taxes were assessed, suit brought, judgment rendered, and sale had, is sufficient to vest in defendant the legal title as against plaintiff, who claims under said David Vinton by deed dated in 1859, the record of which was burned, it not appearing that either the collector or the purchaser at the tax sale had any notice of said deed. Allen v. Ray, 96 Mo. 547; Payne v. Lott, 90 Mo. 676; Evans v. Roberson, 92 Mo. 192; Vance v. Corrigan, 74 Mo. 94. (2) Whether the

sheriff's deed passed the legal title or not, plaintiff by his laches is estopped from setting up his title at this late day.     Hequemborg v. Edwards, 155 Mo. 522; Bales v. Perry, 51 Mo. 449; Austin v. Loring, 63 Mo. 22; Bispham's Principles of Equity (6 Ed.), secs. 39 and 284; Tiedeman on Real Property (Ed. 1883), p. 544.     (3) Whether the tax deed under which defendant claims title is sufficient to pass the legal title to defendant or not, it constitutes color of title, and defendant having taken actual possession of a part of the tract covered by one deed, its possession will be held to extend to the limits of the land covered by such deed.     Sec. 4226, R. S. 1899; Benne v. Miller, 149 Mo. 228; Pharis v. Bayless, 122 Mo. 123; Stevens v. Martin, 68 S. W. 374; Ozark Land Co. v. Hayes, 105 Mo. 143; McElhenney v. Kraus, 10 Mo. App. 218; Menkins v. Overhouse, 22 Mo. 75; Collins v. Pease, 146 Mo. 139; Harbison v. School Dist., 89 Mo. 187; Callahan v. Davis, 103 Mo. 450; Goltermann v. Schiermeyer, 125 Mo. 301.     (4) It is admitted that neither plaintiff nor David Vinton was ever in possession of the land or any part thereof, although it was patented in 1860. It is also admitted that neither Vinton nor plaintiff has paid any taxes since 1869, more than thirty years prior to the institution of this suit.     Then if defendant has been in possession for one year next before the bringing of this suit, as above stated, plaintiff is barred and the legal title vested in defendant.     Sec. 4268, R. S. 1899; Pharis v. Bayless, 122 Mo. 116; Collins v. Pease, 146 Mo. 135; Shumate v. Snyder, 140 Mo. 77.

*John C. Brown* and *W. D. Isenberg* for respondent.

(1) The judgment of the circuit court should be affirmed.     Defendant's title is void.     Crane v. Dameron, 98 Mo. 567; Geer v. Lumber and Mining Co., 134 Mo. 85; secs. 923 and 924, R. S. 1899; Gravel Road v.

Renfroe, 58 Mo. 265; Keen v. Schnedler, 92 Mo. 516; Webb on Record of Title (1 Ed.), sec. 23. (2) Defendant's contention that plaintiff's title is barred by the thirty-year Statute of Limitations is without merit. Schultz v. Lindell, 30 Mo. 310; Tayon v. Ladew, 33 Mo. 205; Leeper v. Baker, 68 Mo. 400; Herbst v. Merrifield, 133 Mo. 267; Rothrock v. Lumber Co., 80 Mo. App. 510. (3) Defendant pleaded no estoppel and there is no element of estoppel in this case. Bishop on Code Pleading (2 Ed.), sec. 364; Noble v. Blount, 77 Mo. 235; Throckmartin v. Pence, 121 Mo. 50; Casler v. Gray, 159 Mo. 598; Sanders v. Chartrand, 158 Mo. 352; Thompson v. Cohen, 127 Mo. 215; Garasche v. Inv. Co., 156 Mo. 436; Mylar v. Hughes, 60 Mo. 105; Black on Tax Titles (2 Ed.), secs. 509 and 513; Blackwell on Tax Titles (4 Ed.), pp. 53 and 68; Rowe v. L. & C. Co., 99 Mo. App. 158.

MARSHALL, J.—This is a suit, under section 650, Revised Statutes 1899, to ascertain and determine the rights of the respective parties to the southeast quarter of section twenty-seven, township twenty-six north, range five west, in Shannon county. The suit was begun on March 13, 1902, in the manner provided by section 793, Revised Statutes 1899, by the parties voluntarily entering their appearance and filing the following agreed statement of facts:

"Come now the parties and submit the following agreed statement of facts under section 793, Revised Statutes 1899, touching a matter in difference between them regarding the title to the southeast quarter of section twenty-seven, township twenty-six, range five west, in Shannon county, Missouri, each party hereto claiming adversely to the other.

"It is agreed that the facts and records regarding said title are:

"That said lands were entered by David Vinton, August 20, 1859, and a patent for same duly issued by

the United States and delivered to said Vinton on August 1, 1860, but that said patent has never been recorded in Shannon county.

"That said lands are wild timber lands, no part of which has ever been enclosed or in cultivation, and no improvements are thereon.

"That both parties claim title through the patentee, David Vinton, as hereinafter set out.

"That plaintiff claims said lands under a general warranty deed made by David Vinton to plaintiff, for a valuable consideration, on September 24, 1859, which deed was duly executed, acknowledged and delivered by said Vinton, and duly filed and recorded in the office of the clerk of the circuit court and ex-officio recorder of deeds of Shannon county, on July 21, 1869.

"That the record of the said deed from Vinton to plaintiff, together with all the deed records of Shannon county, were, without fault of plaintiff, destroyed by fire on December 31, 1870; that said deed was never thereafter recorded in Shannon county, and the destruction of said records was not known to plaintiff until the first day of January, 1890.

"That plaintiff never owned or claimed title to any other lands in township 26, range 5, in said county.

"That defendant claims title as follows:

"First, under a deed duly executed and acknowledged, dated August 6, 1886, recorded March 17, 1887, from David Vinton to the Central Land Company.

"Second, under a sheriff's deed dated September 15, 1887, based on a judgment of the Shannon County Circuit Court in a back tax suit against said lands and David Vinton as owner against whom said taxes were assessed; said judgment was rendered September 17, 1886, for the taxes for the year 1884. Said deed purporting to convey all of the interest of said David Vinton in and to said lands. That plaintiff was not named as a defendant in said tax proceedings.

"That defendant claims under said sheriff's tax deed by mesne conveyances from the grantee therein.

"That the deeds to the defendant purporting to convey said lands also include all the lands indicated on the plat hereto attached, and is dated the fifth day of March, 1897, recorded March 10, 1897.

"That more than one year prior to the commencement of this suit, the defendant constructed and had in operation a tram road across the lands covered by its deed in township 26, range 5, as shown on the plat by red lines also indicated on said plat, but said tram road does not touch or cross the land in controversy; that it built on section 10, as also indicated on the plat, about 75 tenant houses which have been continuously occupied by its tenants for more than three years last past; that the tenants occupying said houses are employed in cutting and hauling timber from the lands shown on said plat, but are not now cutting or hauling timber from the lands in section 27, but have cut within the last year about 20,000 feet of timber from the land in controversy. That all of the lands shown on the plat are principally valuable for the pine timber thereon, and not for general farming.

"That the defendant is the owner of a large saw- and planing mill at the end of said tram road, and owns large bodies of pine lands adjoining the lands in township 26-5, from which it gets its timber for said mill.

"That defendant and those under whom it claims, except Vinton, have paid all the state, county and school taxes levied against the lands in dispute since 1884.

"That in 1879 judgment was rendered before justice of the peace against said lands in dispute to enforce the lien of the state for taxes for the years 1871 to 1878, inclusive, and the said lands thereafter were sold under said judgment and defendant's grantor became the purchaser of the same and said purchaser

and his grantees have paid all taxes on said lands up to the year 1883, and subsequent to the year 1878. It is admitted that the sheriff's deed based on the judgment of the justice of the peace is void, but this fact is stated as bearing on the question of the non-payment of the taxes.

"It is admitted that plaintiff has tax receipt for the year 1869, but for no subsequent year, and that he would swear as a witness that he thinks he paid the taxes up to the year 1875, but it is not admitted that he did so.

"Defendant admits that it has threatened and is about to cut and remove all of the pine timber from the land in controversy and if the court finds that the plaintiff is the owner of the land in controversy, in addition to decreeing the plaintiff to be such owner, it shall enjoin the defendant from cutting or removing the timber therefrom.

"Upon the above facts the parties hereto pray the court to determine and decree the title of the parties in and to said lands.

"Jno. C. Brown, Attorney for Plaintiff.

"L. B. Shuck and W. J. Orr, Attorneys for Defendant.

"J. C. Brown, attorney for plaintiff, and W. J. Orr, attorney for defendant, being duly sworn, say the above stated controversy is real, and this submission is made in good faith, for the purpose of determining the interests of the parties herein.

"Jno. C. Brown,

"W. J. Orr.

"Sworn to and subscribed before me this 12th day of March, 1902.

"S. A. Cunningham,

"Clerk Circuit Court."

The circuit court adjudged that the plaintiff is the owner of the land and that defendant has no title thereto and that defendant be forever debarred from

setting up any claim to the land.   After proper steps
the defendant appealed.

## I.

The defendant invokes the doctrine announced in
Vance v. Corrigan, 78 Mo. 94; Payne v. Lott, 90 Mo.
676; Evans v. Robberson, 92 Mo. 192; and Allen v. Ray,
96 Mo. 547.   The doctrine of those cases is, that a pur-
chaser at a tax sale under a judgment in a suit against
the apparent owner of the record title, acquires a good
title as against the holder of an unrecorded deed from
such apparent owner.

But it is apparent from the facts in judgment here
that this case does not fall within the rule laid down
in those cases.   For here, the plaintiff held title under
a deed that was properly recorded on July 21, 1869.
It is true that the record of such deed was destroyed
by fire on December 31, 1870.   But that did not affect
the plaintiff's rights or title, for, in the first place, he
did not know of such destruction until January 1, 1890,
which was nearly four years after the defendant's
grantor purchased at the tax sale, and therefore the
plaintiff was guilty of no conduct that would estop him
from asserting title as against the defendant; and, in
the second place, if the plaintiff had known of such de-
struction of such record there was no duty cast upon
him by law to have his deed recorded again.   [Crane
v. Dameron, 98 Mo. 567; Geer v. Lumber Co., 134 Mo.
85.]   In the last case cited, this court pointed out that
the evils and inconveniences resulting from such a con-
dition of titles, and the difficulties of ascertaining who
is the owner of the property, for the purpose of as-
sessing or collecting taxes, is a matter for correction
by the Legislature and not by the courts.   The Legis-
lature will doubtless remedy the trouble by appro-
priate legislation as soon as its attention is called to
it, for it is a matter that will occasion difficulty, loss of

revenue, and inconvenience as long as the present conditions prevail.

The plaintiff had duly recorded his deed, the land was wild and vacant, and the possession is presumed to follow the record title. He was not a party to the tax suit, and, therefore, is not affected by the judgment or sale of the land under the judgment, and hence he has title and the defendant has none so far as the records show.

## II.

The defendant next contends that the plaintiff is estopped by his laches from setting up title at this late day.

Estoppel means that a party has been guilty of some failure to assert a right at the time he should have done so, in consequence of which another has so acted with respect to the subject-matter that loss would result to him, if the guilty or silent party was allowed afterwards to assert his right.

Here the plaintiff was guilty of no such estoppel, and the defendant was not misled, to his injury, by the plaintiff's silence. The plaintiff properly recorded his deed six months before the records were destroyed, and seventeen years before the judgment for taxes was rendered. At that time the plaintiff did not know that the records had been destroyed, and, in fact, did not know it for nearly four years afterwards. The plaintiff therefore was guilty of no silence, omission of duty or conduct which misled the defendant or its grantors, and hence is not now estopped from asserting title to the land.

## III.

Lastly, the defendant invokes the thirty-year Statute of Limitations.

The contention of the defendant is that the title

to the land emanated from the government of the United States more than ten years before this suit was instituted; that the plaintiff has not been in possession thereof within thirty years next before the beginning of this suit, and has not paid any taxes thereon in that time, and that the defendant was in possession of the land for a year before the institution of this suit.

The title emanated from the government in 1859, and this action was not begun until March 12, 1902, which was thirty-three years after the title emanated from the government. This is the extent of the application of that statute to this case. Upon the facts agreed upon the plaintiff has had record title to the land since July 21, 1869, when his deed was recorded, and as the land was wild, unimproved land and no one else is shown to have been in the actual possession of it, the possession followed the title, and was therefore in the plaintiff. There is no room for cavil that such was the case until about a year before this suit was brought. Hence the plaintiff was, in contemplation of law, in possession of the land from 1859 until 1901, and therefore was in possession within thirty years before this suit was begun.

The defendant's grantor purchased the land at the tax sale in 1886, but never took actual possession, and as the tax judgment and sale were void, *quoad* the plaintiff, he had no record title and hence no presumptive possession. The plaintiff's deed from Vinton having been properly recorded and being prior in date to Vinton's deed to defendant's grantor, the latter had no effect upon the title or upon the plaintiff's presumed possession. The defendant's whole contention must therefore rest upon its claim that over a year before the institution of this suit, being the owner and in actual possession of the adjoining land, on which there were houses and a lumber mill, it cut timber from this land, and that under its title to and possession of the adjoining land, to which the plaintiff had no claim, it

claimed this land, and it invokes the doctrine that where one has title to a tract of land and is in possession of only a part thereof but claims the whole, the possession of the part will be extended to the whole.

Of this it is only necessary to say that defendant had no title to this land, as against plaintiff, and therefore the doctrine invoked has no application to the facts in judgment here. Neither would the fact that the defendant had had possession of the land for a year before this suit was brought affect the case in any way. The statute does not contemplate that possession for one year only before the suit was brought would confer any right upon the defendant or impair any right of the plaintiff. The one year spoken of in the statute was simply a saving clause in favor of persons who might be affected by the statute, and was intended to give them that time, after the statute went into effect, in which to bring suit. [Rollins v. McIntire, 87 Mo. 496; Fairbanks v. Long, 91 Mo. 628.]

The agreed facts, however, do not show any actual possession in the defendant. They simply show that during the year next before the institution of this suit, the defendant had cut timber from the land. Standing alone, this fact is not sufficient, for even a trespasser might, and frequently does, do that.

The agreed facts show that the plaintiff has a tax receipt for the year 1869, and he would swear that he thinks he paid taxes up to the year 1875, but the defendant does not admit that. It is, however, some evidence that the plaintiff paid taxes within thirty years before this suit was begun.

It follows that the thirty-year Statute of Limitations is no bar to the plaintiff's case.

For these reasons the judgment of the circuit court is affirmed. All concur.