JOSEPH B. MOAKLEY, Respondent, v. MARCELLA
D. MacADARAS et al., Appellants.

St. Louis Court of Appeals, May 7, 1912.

1. **NEGLIGENCE: Defective Covering Over Areaway: Ownership of Premises: Pleading: Admissions.** In an action by a tenant against the owners of a building for injuries sustained by falling through a glass covering of an areaway under the sidewalk in front of the building, defendants' answer, alleging that plaintiff was a tenant of the upper floors, the first floor being occupied by other tenants, that defendants were not aware that the walk was unsafe, had not covenanted to make repairs, and that plaintiff's injuries resulted from his own negligence in not notifying defendants that the premises were dangerous, admitted defendants' ownership of the property.

2. ——: ——: ——: **Sufficiency of Evidence: Burden of Proof.** In an action by a tenant of the upper floors of a building against the owners of the building for injuries sustained by falling through a glass covering of an areaway under the sidewalk in front of the building, a showing that the basement and the space under the sidewalk had been vacant for a year was sufficient to create a presumption that the owners of the building were in possession and control of the basement and areaway, and cast the burden of proving the contrary on them.

3. ——: ——: **Public Street: Sufficiency of Evidence.** In an action by a tenant of the upper floors of a building against the owner of the building for injuries sustained by falling through a glass covering of an areaway under the sidewalk in front of the building, evidence *held* to show that the defective covering was on a public street.

4. **APPELLATE PRACTICE: Binding Effect of Theory at Trial: Instructions.** Where a party asks instructions which treat certain facts as being uncontroverted, he will not be heard to urge, on appeal, that such facts were not proven.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*John S. Leahy* and *Block & Sullivan* for appellants.

(1)   Abutting property holders have the right to make any use of a highway which is consistent with the paramount easement of the public.   Felhauer v. St. Louis, 178 Mo. 646.   (2)   Hence, the liability in cases of this kind. is not for the construction or maintenance of an unlawful thing, but for the negligent construction or maintenance of a lawful thing.   Felhauer v. St. Louis, 178 Mo. 646; Kirkpatrick v. Knapp & Co., 21 Mo. App. 431.   (3)   The liability rests solely upon the party in possession, and not upon the owner where ownership and possession are separate, save only in cases where a landlord lets the premises with such an erection thereon in a defective condition at the time.   Felhauer v. St. Louis, 178 Mo. 646; Franke v. St. Louis, 110 Mo. 521; Gordon v. Peltzer, 56 Mo. App. 602; Mancuso v. Kansas City, 74 Mo. App. 143. (4)   The possession of the tenant being shown to have existed is presumed to continue until the contrary is shown.   Janssen v. Stone, 60 Mo. App. 406; 16 Cyc., p. 1054.   (5)   Proof that the premises were subsequently unoccupied is not sufficient to show that possession has been restored to the landlord.   Franke v. St. Louis, 110 Mo. 527.   (6)   The burden of proof rested with respondent to prove that appellants' relations to the property were such as to render them responsible for the accident.   Smart v. Kansas City, 91 Mo. App. 592; Stepp v. Railroad, 85 Mo. 235; Breen v. Cooperage Co., 50 Mo. App. 202; Franke v. St. Louis, 110 Mo. 527.   (7)   The burden of proving that the *locus in quo* was a portion of the public highway rested with respondent.   Bauman v. Boeckler, 119 Mo. 202.

*P. H. Cullen, Thomas T. Fauntleroy* and *Shepard Barclay* for respondent.

(1) (a) That portion of the building "of these defendants" (of which the cellar in question is part) was not occupied by a tenant when plaintiff was injured. "It was vacant" at that time, and had been "over a year." This was sufficient evidence of the possession by defendants as owners. The burden is on defendants, who are owners, to show that others are in possession. Prima facie ownership implies posseession. Callahan v. Davis, 103 Mo. 444; Renshaw v. Lloyd, 50 Mo. 368. (b) It is elemental law that the presumption of continuance obtains only in the absence of proof. Here the proof is ample to the contrary. 1 Greenl. Ev., secs. 33, 41. (2) There was strong proof of negligence as alleged. We believe the facts demonstrate a clear case of nuisance under the decisions. Merrill v. City, 83 Mo. 244; Kirkpatrick v. Knapp, 28 Mo. App. 427. There was not a particle of evidence that there had ever been any inspection or repairs, during the present or the last century, to the fatal iron-frame work that gave way and let plaintiff into the cellar. Such facts, undisputed, give conclusive proof of negligence. Stevens v. Walpole, 76 Mo. App. 218; Uggla v. Brokaw, 102 N. Y. Supp. 857; Mancuso v. City, 74 Mo. App. 142. (3) The fall of a piece of sidewalk (over a cellar) in a public street would alone have been sufficient evidence of negligence, but here there was also affirmative testimony of neglect, with rust and decay ensuing. Weber v. Liebermann, 94 N. Y. Supp. 460; Mullen v. St. John, 57 N. Y. 567; Kearney v. Railroad, 6 Q. B. (L. R.) 759.

CAULFIELD, J.—This suit is one for damages accrued to plaintiff on account of personal injuries received from the alleged negligence of the defend-

ants.  At the trial the verdict and judgment were for the plaintiff in the sum of $4000, and the defendants, being unsuccessful in their motion for a new trial, have prosecuted their appeal to this court.

Plaintiff in his petition alleges that at all the times herein mentioned the defendants were ''the owners and in possession of a certain parcel of land in said city (the city of St. Louis)' on the east side of Fourth street therein, between Market and Chestnut streets (known as premises No. 10 and 12 North Fourth Street), a part of which parcel of land was (at all the dates and times herein mentioned) subject to public use as part of the pavement or sidewalk of said Fourth street as a public highway; and said defendants owned and controlled that part of said parcel, so in public use subject to said public use; and that it was the duty of said defendants, at all the dates and times herein mentioned, to keep said premises, and parcel of land by them owned as aforesaid, in reasonably safe condition so as not to form a nuisance or to cause injury to persons lawfully using said sidewalk.

''Plaintiff further states that on the 20th day of October, 1902, while he was upon said sidewalk on the east side of Fourth street, upon that part thereof owned and occupied by said defendants subject to the public easement, the surface of said sidewalk gave way under plaintiff's feet and precipitated him into an area or cellar thereunder upon said parcel of land, then owned and occupied by said defendants, so that plaintiff was by said fall seriously and permanently injured; that the closed top of said cellar or area, prior to plaintiff's said fall, had been covered by defendants so that the upper surface of said covering formed part of the top of the sidewalk upon said parcel of land; and defendants, at and prior to the time of plaintiff's said fall, had suffered and permitted the said covering of said area (a part of their said

parcel of land) to become a nuisance and dangerous· to life and limb, by defendants' omission of reasonable care to keep and maintain the same in reasonably safe condition for the use to which they knew the same was put daily by the public and by pedestrians, lawfully using said sidewalk, as plaintiff was doing at the time of his said fall, and that by reason of said acts and omissions of defendants and because defendants so maintained a nuisance and man-trap, as aforesaid, the plaintiff was injured by the giving way of the said covering of said area and by his fall into said area in consequence thereof whereby plaintiff was seriously and permanently injured,'' etc.   The petition prays judgment for $12,000.

Defendants' answer, so far as we need notice it, proceeded as follows:

''Defendants deny each and every allegation· in plaintiff's said petition contained.   For further answer defendants state that on the 20th day of October, 1902, the said plaintiff was a tenant of the property described in said petition, occupying the center part of said building, on the first floor, and all of the upper floors; that the north· and south parts of said first floor of said building were occupied by other tenants; that the premises were in a safe condition when rented to the respective tenants, and neither the defendants or their agent were aware that said walk had become defective or unsafe; that the defendants did not covenant with plaintiff or any of the tenants, to make repairs or keep the premises in a safe condition.   And for further answer, defendants state that any injury sustained by plaintiff by reason of any fall in a manner described in his petition, was the result of plaintiff's carelessness and negligence, in not notifying the defendants that the premises had become defective and dangerous.   And for further answer, defendants state that the crippled condition of plaintiff's body was not the result of any accident, as described in his

petition, but that said plaintiff has been deformed and crippled since his early infancy, at which time said plaintiff suffered from hip-joint disease, and that his present physical condition was in nowise the result of any accident that may have befallen him or any injury that he may have received while on or about the property or premises of these defendants described in the petition herein."

The reply was a general denial.

It appears from the evidence that No. 10 and 12 North Fourth street in the city of St. Louis was a four-story brick building fronting on the east side of Fourth street and having a sidewalk in front. The plaintiff at the time of his injury and for sometime prior thereto occupied the three upper floors as lessee of the defendants, and conducted the same as a hotel, having egress to the sidewalk by means of a stairway, the entrance to which was in the center of the front wall on the first floor. The basement extended under the entire building, and to add to its length it had been excavated out beyond the front wall under the sidewalk so as to protrude out into that part of the street occupied by the sidewalk one-half the width of the sidewalk. To admit light into the basement, the sidewalk, for some four and one-half feet out from the front wall of the building, was composed of an iron frame with round pieces of glass inserted therein, so as to make the sidewalk translucent. Plaintiff had no right of possession or control of the first floor and basement, but when he had first taken possession of the three upper floors under his lease a man named Koerner conducted a saloon on the first floor and a bowling-alley in the basement. On October 20, 1902, when plaintiff received his injuries, the first floor and basement were vacant and unoccupied and had been vacant and unoccupied for over a year, Koerner having vacated. On October 20, 1902, the plaintiff came down his stairway intending to go out

upon the sidewalk and walk along it to a nearby store. He reached the last step of his stairway and stepped upon the sidewalk, and had just started to walk along on the translucent portion thereof when it caved or broke in about one step north of the stairway which he had just quitted, and he fell ten feet to the floor of the basement. It is unquestioned on this appeal that his fall was due to the worn and decayed condition of the iron frame supporting the pieces of glass in the sidewalk; that such condition was due to the negligence of those owing the duty of reasonable care in respect thereof; and that he received injuries which were serious and permanent.

There are but three points suggested by the defendants. They first object that there was no evidence tending to prove that defendant James D. MacAdaras owned the property of which the basement under the sidewalk was a part. We think that there was such evidence, but it is not necessary to set it forth. Defendants' answer, fairly construed, clearly admits ownership of the property by both defendants.

Defendants next insist that plaintiff failed to show that they were in possession and control of the basement. There was proof that the first floor and basement were vacant. This showing was sufficient to create a presumption that the owners were in possession and control and to cast the burden of proving the contrary on the defendants. [Weir v. Lumber Company, 186 Mo. 388, 396, 85 S. W. 341; Hays v. McReynolds, 144 Mo. 348, 46 S. W. 161.] But defendants point to plaintiff's evidence that Koerner was in possession a year before, and invoke the rule that a state of things once shown to exist is presumed to continue until the contrary is shown. It is sufficient to say of this that the "state of things" in this case was Koerner's mere occupancy, and the presumption of its continuance was negatived and overthrown by

plaintiff's showing that such occupancy had ceased a year before.

Lastly, defendants' counsel, though conceding that the evidence shows Fourth street (that ancient and widely known public thoroughfare) to be a public highway, insists that there is no evidence that the particular portion of the sidewalk which caved in constituted a part thereof. On this particular proposition plaintiff's testimony proceeded as follows: He testified that the cellarway ran into "the street"—"about half the distance of the sidewalk," being covered over on the sidewalk by glass and iron, so as to admit light; that glass and iron covering ran from the outer wall "out into that street" about four or four and a half feet. "Q. State whether or not Fourth street there was a thoroughfare in this city? A. Certainly; all this glass and iron arrangement was on the east part of the street—of the sidewalk." He further testified that the place which caved in was "at the glass and iron part" of "Fourth street," "right at the center of those iron plates," which was about twenty-two inches from the wall. He also testified that the three upper floors which he rented were entered by a stairway "from the street," the stairway having only one step out from the building at the bottom. All of this testimony went in without objection, and no attempt was made to contradict it; and at the close of all the evidence the defendants asked the court to give an instruction as follows: "The court instructs the jury that it is the duty of the city of St. Louis to keep all of its streets and sidewalks in a reasonably safe and proper state of repair, and if you find and believe from the evidence that the sidewalk in front of said building described in plaintiff's petition, was not in a reasonably safe and proper state of repair, then you are instructed that the city of St. Louis is responsible for same, and your verdict must be in favor of the defendants." We regard the evi-

dence as sufficient, in the absence of objection or con-
tradiction, to establish prima facie that the defective
part of the sidewalk was in the public highway,
Fourth street. Besides, it is clear from the instruc-
tion defendants asked that at the trial they treated
that fact as being uncontroverted. That instruction
assumes that the entire sidewalk was a public high-
way. Defendants cannot evolve a different theory
here.

The judgment is affirmed. *Reynolds, P. J.,* and
*Nortoni, J.,* concur.